IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RENA B. GREENE                                                                    PLAINTIFF
*on behalf of*
A MINOR CHILD, D.L.R.

vs.                                        Civil No. 4:06-cv-04076

MICHAEL J. ASTRUE[1]                                                      DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Rena B. Greene ("Plaintiff") brings this action on behalf of a minor child, D.L.R., and

pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006),

seeking judicial review of a final decision of the Commissioner of the Social Security Administration

("SSA") denying D.L.R.'s application for Supplemental Security Income ("SSI") under Title XVI

of the Act.

## 1. Background:

Plaintiff protectively filed an application for SSI on behalf of her grandson/adoptive son,

D.L.R., on October 20, 2003.[2]  (Tr. 46-50).[3]  The record indicates that Plaintiff previously filed

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] In this application, Plaintiff is seeking benefits for D.L.R. based upon D.L.R.'s own alleged disability. The record indicates that D.L.R. is already receiving disability benefits as a result of his birth mother's disability. (Tr. 43).

[3] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

another application on behalf of D.L.R. on April 23, 2002. (Tr. 41-45). This application, however, was not reviewed by the ALJ in the present action and is not before this Court. (Tr. 11).

In the October 20, 2003 application, Plaintiff alleged D.L.R. was disabled due to his asthmatic bronchitis, allergies, and swelling of the glands. (Tr. 67). This application alleged an onset date of October 20, 2003. *Id.* This application was initially denied on February 12, 2004 and was denied again on reconsideration on September 20, 2004. (Tr. 23-26). Plaintiff requested an administrative hearing which was held on January 19, 2006 in Texarkana, Arkansas. (Tr. 39-40, 228-251). Plaintiff and D.L.R. were present and were represented by counsel, Charles Barnette, at the hearing, and Plaintiff, D.L.R., and Jewon Richard (D.L.R.'s biological mother) testified at the hearing. *Id.* At the time of the hearing, D.L.R. was fifteen (15) years old and was in the ninth grade. (Tr. 231, 234).

On April 27, 2006, the ALJ entered an unfavorable decision and denied Plaintiff's request for disability benefits for D.L.R. (Tr. 11-14). The ALJ concluded that D.L.R. had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset of his disability. (Tr. 14, Finding 1). The ALJ determined D.L.R. has asthma, which is a medically determinable impairment. (Tr. 14, Finding 2). The ALJ, however, also determined that D.L.R. did not have an impairment or a combination of impairments that significantly limited his ability to perform basic work-related activities and, therefore, did not have a severe impairment. (Tr. 14, Finding 3). Based upon this finding, the ALJ determined that D.L.R. was not disabled. (Tr. 14, Finding 4).

On August 21, 2006, the Appeals Council declined to review the ALJ's unfavorable determination. (Tr. 3-5). On September 13, 2006, Plaintiff filed the present appeal. (Doc. No. 1). The case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both

2

filed appeal briefs.  (Doc. Nos. 7, 10).  This case is ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child.  On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required.  *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42

3

U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2003, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in SGA. *See id.* If the child has not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. *See id.* If a severe impairment is found, the ALJ will proceed to the third step. *See id.* If a severe impairments is not found, then the ALJ should also find that the minor child is not disabled. *See id.* In the present action, the ALJ found that the D.L.R. does not have a severe impairment, determined D.L.R. was not disabled, and ended his analysis at this second step.

**3. Discussion:**

Plaintiff brings the present appeal claiming that the ALJ erred (1) in determining D.L.R. does not have a severe impairment, (2) in determining D.L.R. is not disabled, and (3) in evaluating whether D.L.R suffers from an extreme or marked limitation in his functioning. (Doc. No. 7, Page 1). Defendant argues that substantial evidence supports the ALJ's determination that D.L.R. does not have a severe impairment. (Doc. No. 10, Pages 7-8). Defendant notes that even though Plaintiff

4

claims D.L.R. is disabled due to his asthma, bronchitis, allergies, and gland swelling, Plaintiff has admitted that D.L.R. attends school regularly and has played football, basketball, and lifted weights. *Id.* at 4.  Defendant also notes that Dr. W. LaDell Douglas, a physician at the Quality Care Pediatric and Adolescent Clinic, examined D.L.R. on January 28, 2004 and found that D.L.R. "is capable of engaging in age appropriate activities of daily living." *Id.* at 5.  Because Plaintiff's arguments are all essentially that the ALJ erred in his determination at the second step of the analysis, this Court will only evaluate whether that determination is supported by substantial evidence in the record.

As noted above, in the present action, the ALJ determined that D.L.R. was not disabled at the second step of the analysis. (Tr. 14, Finding 3).  At this step, the ALJ must evaluate whether the claimant suffers from a "severe impairment." *See* 20 C.F.R. § 416.924(c).  The Eighth Circuit has found that an impairment is not severe "[i]f the impairments result in no more than minimal functional limitations." *Neal ex rel. Walker v. Barnhart,* 405 F.3d 685, 688 (8th Cir. 2005).  If the ALJ determines that the claimant does not suffer from a severe impairment, the ALJ should also find, as the ALJ did in this case, that the claimant is not disabled. *See id.*

This Court finds, under the facts in the present action, that the ALJ's disability determination is supported by substantial evidence, and the ALJ correctly determined that D.L.R. does not suffer from a severe impairment.  Specifically, the ALJ's disability determination is supported, at the very least, by the following records: (1) Dr. Douglas's January 28, 2004 consultative report, (2) D.L.R.'s sixth-grade teachers' report, and (3) Dr. Charles T. Marrow's reports from September 17, 2001 to May 18, 2005.  First, Dr. Douglas's report indicates that he examined D.L.R. in response D.L.R.'s complaints that he suffers from asthma, bronchitis, allergies, and gland swelling. (Tr. 134).  Dr. Douglas noted that, despite his complaints and claimed limitations, D.L.R. was still able to play

football, basketball, lift weights, and attend school.[4]  *Id.*  Dr. Douglas also found, based upon his examination of D.L.R., that D.L.R. was capable of engaging in "age appropriate activities of daily living." (Tr. 135).  These findings support the ALJ's determination that D.L.R. does not suffer from any severe impairments.

Second, with regard to D.L.R.'s claimed mental problems,[5] the ALJ based his disability determination upon a school questionnaire that was answered by D.L.R.'s sixth grade teachers.  (Tr. 91-94).  These teachers noted that, although D.L.R. "talks out in class–consistently," the teachers had "not noticed any problems in the short time . . . [they] . . . have taught this student."  *Id.* Furthermore, D.L.R. himself even admitted that, at the time of the administrative hearing, he attended regular classes and had not been put into any remedial classes.[6]  (Tr. 234).

Third, Dr. Marrow's records that date from September 17, 2001 until May 18, 2005 support the ALJ's disability determination.  (Tr. 159-227).  These records are routine treatment records that indicate that D.L.R. has suffered and may even continue to suffer from asthma and bronchitis.  (Tr. 165, 225).  These records, however, only indicate that D.L.R. has, at best, a mild limitation in his daily activities.  *Id.*  Notably, despite his claimed limitations, D.L.R. has apparently, based upon this Court's review of his medical records, never been hospitalized or extensively treated for these limitations.[7]

---

[4] At the administrative hearing, D.L.R. testified that he could no longer play sports.  (Tr. 235-236).  However, D.L.R. testified that the only reason he stopped playing sports was due to his knee injury.  (Tr. 243).

[5] Plaintiff's claim that D.L.R. suffers from mental or behavioral problems was raised at the administrative hearing.  (Tr. 234).

[6] D.L.R. had been placed in the Washington 4A school for children with behavioral problems.  (Tr. 234-235).  The record indicates, however, that he was placed in this school because of his bad behavior, not because of any mental deficiency or limitation.  *Id.*

[7] At the administrative hearing, D.L.R.'s biological mother indicated that D.L.R. had been hospitalized for his asthma.  There are, however, no medical records supporting this claim.  (Tr. 242).

**4. Conclusion:**

       Based on the foregoing, the decision of the ALJ, denying benefits to Plaintiff on behalf of D.L.R., is supported by substantial evidence, and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

       **ENTERED this 6th day of July, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge
